United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-60415
Summary Calendar

———————————

ALI REZA ENAYATKHAW,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petitions for Review of Orders of
the Board of Immigration Appeals
No. A77 524 700
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ali Enayatkhaw petitions for review of a final order of the
Board of Immigration Appeals ("BIA") that affirmed the denial of
his applications for asylum, withholding of removal, and relief

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

under the Convention Against Torture ("CAT"). He also petitions for review of the denial of his motion to reopen.

Enayatkhaw argues that the evidence and testimony support a finding that he faces at least a ten percent chance of persecution if he returns to Iran and that the BIA's decision is not supported by substantial evidence. He also asserts that the decision of the immigration judge ("IJ") does not contain reasoning or analysis of the merits of his claims and is not amenable to meaningful review, so a remand is required. Alternatively, Enayatkhaw contends that if the BIA's decision is construed as having adopted the IJ's general finding of non-credibility, the IJ's credibility finding is not subject to deference, because it was not supported by the record, nor was Enayatkhaw provided a meaningful opportunity to rebut or address the IJ's credibility concerns.

The IJ's original decision in 2001, which the BIA affirmed, rejected Enayatkhaw's applications based on lack of credibility. The BIA then granted Enayatkhaw's motion to reopen, and he was given the opportunity to present additional evidence in support of his claims, which evidence the IJ determined to be fraudulent, perjured, and misleading. The IJ made reference to his 2001 adverse credibility determination. The BIA agreed with the IJ's decision except for the frivolousness determination. The only thing remaining to adopt and affirm was the IJ's implicit adverse credibility finding, which the BIA effectively adopted, allowing this court to review the IJ's decision. Efe v. Ashcroft, 293 F.3d 899, 903 (5th

Cir. 2002).

The IJ's adverse credibility determination was based in large part on the discrepancies between the letters of Enayatkhaw's family, who asserted that they had observed him in the videotaped footage of the July 2002 rally waving the Iranian flag and chanting, and the actual footage introduced into evidence, which showed him holding a poster and a tee shirt and standing silent. Enayatkhaw argues that he was not provided an opportunity to address the IJ's concerns after the IJ viewed the videotape post-hearing.

The discrepancy between the letters of his family and the videotape concerning Enayatkhaw's activities at the rally was brought out at the hearing. Enayatkhaw testified that he held a tee shirt stained with blood. This was corroborated by Shawn Namdar, the organizer of the event, who testified that Enayatkhaw held a bloody tee shirt to symbolize the student movement. The letters from Enayatkhaw's family and friends stated they had observed him holding the Iranian flag and chanting. The IJ expressed his concerns about the truthfulness of the evidence. Enayatkhaw had an opportunity at that point to clear up the discrepancy or any misunderstanding about his conduct at the rally, but he did not.

Enayatkhaw argues that the discrepancy is not important because the purpose of his offering the videotape was to show that he had been visible on the speaker's platform at the rally, which fact is evidence of his political participation and opposition to the Iranian regime, and which could become known to his government. He

argues that because he appeared on the platform at the rally, "he may certainly be deemed to possess at least a well-founded fear, that agents of the Iranian regime have either identified him, or that he could be discovered."

Enayatkhaw's argument is speculative concerning what the Iranian regime may have discovered. But, the evidence he submitted, in the form of the letters from his family stating that they had seen him in a broadcast of the rally on TV in Iran, was intended to prove that the government had already identified him as part of the student protest movement and would arrest him immediately on his return. The IJ determined, based on the discrepancy between the letters and the videotape, that the letters were fraudulent. The IJ disbelieved Enayatkhaw's evidence that he had been identified as part of the student protest movement by the government in Iran. That adverse credibility determination undercuts Enayatkhaw's argument that the Iranian regime has identified him and that he is likely to face persecution if he returned.

The IJ's adverse credibility determination is supported by substantial evidence. Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994). The BIA's adoption of that finding is a sufficient basis for the BIA's affirmance and is adequate for purposes of review, with no remand required for additional reasons. Enayatkhaw makes no other arguments concerning the IJ's decision. To the extent that his brief raises his other claims of non-discretionary withholding of removal and CAT relief, substantial evidence also supports the IJ's rejection of his applications for withholding of re-

moval, for the same reasons given in connection with his claim for asylum, see Mikhael v. I.N.S., 115 F.3d 299, 306 & n.10 (5th Cir. 1997), and for CAT relief.  See Efe, 293 F.3d at 907.

Enayatkhaw avers that the BIA improperly denied his motion to reconsider when it failed to reconsider the material errors of fact and law made in its prior decision.  The BIA's dismissal of an appeal and its denial of a motion to reconsider are distinct final orders, which require separate petitions for review.  See Stone v. INS, 514 U.S. 386, 393-95, 405 (1995).  Enayatkhaw did not file a separate petition for review from the denial of his motion to reconsider.  This court lacks jurisdiction to review the order denying the motion to reconsider.  Id.

Enayatkhaw argues that the BIA erred in denying his motion to reopen as number-barred because he established an exception of changed country conditions that increased his fear of persecution in Iran.  The BIA determined that the motion did not fall within the exception and was number-barred.  Enayatkhaw disagrees with that conclusion, but he does not point to any evidence accompanying his motion to reopen that tends to show that he is more likely to be persecuted on his return to Iran than at the time of his hearing in 2003.  The BIA did not abuse its discretion in denying the motion to reopen.  See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

PETITIONS FOR REVIEW DENIED.